IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT O. GILMORE, et al., | No. C 66-45878 SI |
| Plaintiffs, | **ORDER RE: MOTION FOR ORDER TO SHOW CAUSE** |
| v. | |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | |

Willie Wisely, an inmate at the California Substance Abuse and Treatment Facility, filed a pro se motion for an order to show cause, alleging that the defendants in this case are in violation of an October 16, 1972, Order Directing Adoption of Regulations to Implement Previous Order Granting Relief ("1972 Order"). Given the questions raised by Wisely's motion, the Court instructs defense counsel to meet with Donald Specter, counsel for plaintiffs, to discuss resolution of this matter and to schedule a status conference with the Court within 45 days of the issuance of this order.

**DISCUSSION**

This action was originally filed in 1966 and is a consolidation of numerous actions filed by prisoners in facilities administered by the California Department of Corrections ("CDC"). Collectively, the prisoners challenged CDC regulations that restricted access to law books, legal materials, and legal assistance in preparing filings. This action was resolved in part by the 1972 Order which directed the defendants to amend a regulation to increase the amount of legal materials available to prisoners. Specifically, Department of Corrections ("DOC") Administrative Manual ¶ 300.041 was amended to read:

> There shall be established in each institution a law library consisting of, but not necessarily limited to, one complete and current set of each of the following:
>
> West's Annotated California Codes (125 v.)
> West's California Digest (77 v.) . . .
> Federal Reporter, Second Series, v.176 (1950) to date . . .
> United States Law Week, beginning with current volume . . .
>
> Each set of case reports and statutes shall be kept current. This means that lost, stolen, or missing volumes, or volumes that are damaged so they are not fully usable, shall be replaced. This also means that a continuing subscription to advance sheets and new volumes shall be maintained for each . . . .

Similarly, DOC Administrative Manual 300.042 was amended to establish a circulating law library for the inmates. In addition, a September 28, 1979, Order Settling and Dismissing Action ("1979 Order") gave the plaintiffs a right to file a petition in a Northern District of California court to seek enforcement of the 1972 Order.

On July 5, 2005, Wisely filed a motion for an order to show cause alleging that defendants were in contempt of the 1972 Order. Defendants subsequently challenged Wisely's standing to file a motion for an order to show cause, arguing that he is a member of a class in this action that is represented by counsel and thus any papers filed on behalf of the class must be filed by counsel. See 28 U.S.C. § 1654 ("In all Courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . ."). Counsel for plaintiffs filed a response on Wisely's behalf, arguing that Wisely has standing to enforce the 1972 Order and offering to assist Wisely going forward.

The Court need not decide the standing issue as plaintiffs' counsel has already agreed to assist Wisely. Further, plaintiffs' counsel has apparently contacted defendants' counsel to investigate Wisely's concerns. Given the involvement of plaintiffs' counsel, the Court will defer acting on Wisely's motion at this time. The better route is to have plaintiffs' counsel consult with Wisely and with defendants' counsel to evaluate the situation. Subsequently, counsel shall file a Joint Report to the Court concerning their findings.

///

## CONCLUSION

Accordingly, for the reasons above, the Court directs plaintiffs' and defendants' counsel to meet and discuss this matter, and to file a Joint Report with the Court **on or before March 10, 2006.**

**IT IS SO ORDERED.**

Dated: January 23, 2006

SUSAN ILLSTON
United States District Judge