United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT O. GILMORE, et al., | No. C 66-45878 SI |
| Plaintiffs, | **ORDER DENYING MOTION OF CHARLES T. DAVIS FOR FINAL ORDER OF JUDGMENT** |
| v. | |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | |

    On March 15, 2007, class member Charles T. Davis filed a pro se motion for order to show cause for civil and criminal contempt. Davis' motion alleged that defendants violated the 1972 Order Directing Adoption of Regulation to Implement Previous Order Granting Relief, in the *Gilmore* case. The Court invited responses from counsel for the parties. Counsel for the class investigated Davis' allegations and determined that no further action from the Court was necessary; defendants concurred. Accordingly, on April 23, 2007, the Court issued an order denying Davis' motion. The order also directed that all future *Gilmore*-related grievances and motions put forth by pro se inmates be resolved informally between class counsel and defense counsel, without Court intervention, unless counsel reach an unresolvable conflict. The day this order issued, the Court received from Davis a motion to set aside the findings of class counsel. On April 25, 2007, Davis also filed a motion for extension of time in which to file an opposition to counsel's submissions.

    In light of the April 23, 2007 order, the Court denied Davis' motions, in an order issued on May 24, 2007. The Court advised Davis that if he feels he has been retaliated against for exercising or attempting to exercise protected rights, or has otherwise suffered a legally-cognizable injury related to access to legal materials, he is free to bring a separate action alleging so; however, the grievances he

has currently raised are not covered by the *Gilmore* settlement, and therefore cannot be addressed by this Court in the *Gilmore* action.

On May 31, 2007, the Court received from Davis a motion for sanctions against class counsel, for intentional breach of class counsel's fiduciary duties. The Court finds the motion without merit, and hereby DENIES it.

On July 9, 2007, the Court received from Davis a motion for final order of judgment, "so that plaintiff may appeal the Court's May 24, 2007 Order." The Court DENIES Davis' motion for a final order of judgment. The Court has continuing jurisdiction to oversee enforcement of the Gilmore consent decree. Entering final judgment in the Gilmore case would be inappropriate. Davis may perhaps be able to seek appeal under the collateral order doctrine, the practical finality doctrine, or the pragmatic finality doctrine. Whether he may do so, however, is an issue for the appeals court to decide.

This Court has fully ruled on Davis' Gilmore-based grievances. Again, the Court advises Mr. Davis that he may file a separate lawsuit to address his grievances; they cannot, however, be addressed by this Court in the context of the Gilmore case.

As discussed above, the Court DENIES Davis' motion for sanctions [Docket No. 216], and DENIES Davis' motion a final order of judgment [Docket No. 217].

**IT IS SO ORDERED.**

Dated: July 25 , 2007

SUSAN ILLSTON
United States District Judge

2