IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT O. GILMORE, ET AL., | No. C 66-45878 SI |
| Plaintiffs, | **ORDER DENYING DEFENDANTS' MOTION FOR A PROTECTIVE ORDER** |
| v. | |
| STATE OF CALIFORNIA, ET AL., | |
| Defendants. | |

Defendants seek a protective order staying discovery and bifurcating the hearing on defendants' motion to terminate injunctive relief. For the reasons set forth below, the Court DENIES the motion.

**BACKGROUND**

This action was originally filed in 1966 by approximately 130 prisoners incarcerated in California prisons. Plaintiffs challenged prison regulations that restricted prisoners' access to legal materials in preparing court filings. In 1970, a three-judge panel of this court held that the regulations infringed plaintiffs' right of access to the courts, enjoined enforcement of the existing regulations, and ordered defendants to file new or amended regulations. *See generally Gilmore v. Lynch*, 319 F. Supp. 105 (N.D. Cal. 1970). Defendants proposed new regulations and the three-judge panel ordered that they be adopted. *See* October 16, 1972 Order Directing Adoption of Regulations to Implement Previous Order Granting Relief, ex. A to Hardy Decl. (Docket No. 293).

The present dispute arises from defendants' filing of a motion to terminate the injunctive relief on three alternative grounds under the Prison Litigation Reform Act ("PLRA"): (I) the injunction was entered more than thirty years ago and without the PLRA's requisite findings as to necessity, narrow

tailoring, and intrusiveness; (II) the injunction cannot meet the PLRA's need-narrowness-intrusiveness requirements because only one of the original plaintiffs remains incarcerated and suffers no violation of his right of access to the courts; and (III) the injunction cannot meet the PLRA's need-narrowness-intrusiveness requirements because California inmates do not currently suffer a systemic violation of their right of access. *See* 18 U.S.C. § 3626(b)(2) (termination appropriate "if the relief was approved or granted in the absence of a finding by the court that the relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right").

Now before the Court is defendants' motion seeking an order staying discovery and bifurcating the hearing on the motion to terminate. Defendants ask the Court to decide Arguments I and II first, before considering, and permitting discovery regarding, Argument III. Defendants assert that Arguments I and II are primarily legal arguments that do not implicate a need for discovery, while only Argument III presents factual issues requiring discovery. Defendants state that if the Court finds in their favor on Arguments I and II, it need never reach Argument III, which concerns current and ongoing violations.

## DISCUSSION

Federal Rule of Civil Procedure 26(c) provides that a district court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Defendants argue that a stay of discovery is necessary to prevent undue expense.

The Court finds that defendants have not shown good cause for the issuance of a stay. Although defendants contend that no discovery is needed for resolution of the "primarily legal" issues presented in the motion to terminate, defendants seem to draw an artificial distinction between the legal question whether the injunction comports with the PLRA's need, narrowness, and intrusiveness requirements, and the factual question whether any ongoing violations justify a continuation of relief. Under the PLRA, an injunction cannot be terminated *even if* it was originally entered without the requisite findings, if the Court determines "that prospective relief remains necessary to correct a current and ongoing violation." 18 U.S.C. § 3626(b)(3). The Court is not persuaded that it would prove beneficial

2

to the parties or to the Court, much less that it is appropriate under the statute, to stay discovery and bifurcate consideration of these questions. *See Gilmore v. People of the State of Cal.*, 220 F.3d 987, 1008 (9th Cir. 2000) ("[U]nless plaintiffs do not contest defendants' showing that there is no current and ongoing violation under § 3626(b)(3) [of the PLRA], the court must inquire into current conditions at a prison before ruling on a motion to terminate. If the existing relief qualifies for termination under § 3626(b)(2), but there is a current and ongoing violation, the district court will have to modify the relief to meet the Act's standards."). Accordingly, defendants' motion for an order staying discovery and bifurcating the hearing on the motion to terminate is DENIED.

## CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion for a protective order. (Docket No. 284). In the event defendant has specific objections to any individual discovery request, defendant may file a discovery motion in accordance with Civil Local Rule 37 and the Court's standing order.

**IT IS SO ORDERED.**

Dated: December 29, 2009

SUSAN ILLSTON
United States District Judge