IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROBERT O. GILMORE, et al.,

        Plaintiffs,

  v.

STATE OF CALIFORNIA, et al.,

        Defendants.

        No. C 66-45878 SI

**ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL**

        This dispute centers around defendant State of California's motion to terminate a 1972 injunction requiring California prisons to maintain certain materials in their law libraries and provide prisoners with access to those materials. By order dated December 29, 2009, the Court denied defendant's motion to stay discovery, and the parties began conducting discovery into the current conditions in California prisons. Now before the Court is plaintiff's motion for an order compelling defendants to respond to two document requests and two interrogatories.

        Defendant's position is that discovery should be limited to the two original named plaintiffs that defendant has thus far identified who still remain in prison. Plaintiffs' position is that further discovery is needed to determine the extent of any ongoing violations on a statewide basis. Accordingly, plaintiffs seek to compel responses to two interrogatories requesting the names of prisoners who have been granted "priority legal user status" and the names of prisoners who have worked as prison law library clerks, and to two document requests seeking information about inmate appeals on the issue of law library access and assessments of the adequacy of law library access.

        The Court has previously denied a stay of discovery on the ground that one of the key questions presented by defendant's motion to terminate is whether "prospective relief remains necessary to correct

a current and ongoing violation." 18 U.S.C. § 3626(b)(3). To aid in answering that question, plaintiffs are entitled to discovery on a statewide basis. The documents requests and interrogatories to which plaintiffs currently seek a response are reasonably limited as to topic, and seek responses only for the period from January 1, 2009 to the present. The Court finds that these requests are not unduly burdensome and are calculated to lead to the discovery of relevant evidence.

Accordingly, plaintiffs' motion to compel is GRANTED in full. Defendants are directed to produce responses to the interrogatories and documents requests named in plaintiffs' letter brief no later than **February 17, 2010.**

**IT IS SO ORDERED.**

Dated: February 1, 2010

SUSAN ILLSTON
United States District Judge

2